19 F.3d 39
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph W. SZCZEBLOWSKI, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 93-3438.
 United States Court of Appeals, Federal Circuit.
 Feb. 8, 1994.
 
 Before RICH, ARCHER, and LOURIE, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Joseph W. Szczeblowski appeals the June 7, 1993 decision of the Merit Systems Protection Board (Board) in Docket No. BN0831920280-I-1 reversing AJ's November 5, 1992 initial decision finding that Mr. Szczeblowski was entitled to the full amount of service credit claimed in connection with his employment by the Post Office. We affirm.
 
 DISCUSSION
 
 2
 Mr. Szczeblowski voluntarily retired from Federal service under the Civil Service Retirement System on December 31, 1986, and was credited with 30 years, 2 months, and 21 days of creditable service for the purpose of computing his retirement annuity. Mr. Szczeblowski's service computation date (SCD) was determined to be October 11, 1956 by the U.S. Army Research, Development and Engineering Center in Natick, Massachusetts (Natick Center). In making this determination, the Natick Center credited Mr. Szczeblowski with 38 hours of service during the period from December 16, 1951 through December 31, 1951 and 34 hours of service during the period from December 10, 1952 through December 31, 1952 for temporary employment with the Post Office Department.
 
 
 3
 In 1960, Mr. Szczeblowski's former employer, the Armed Forces Food and Container Institute (AFFCI) computed Mr. Szczeblowski's SCD to be September 16, 1956 and credited Mr. Szczeblowski with full service for the time periods in December 1951 and December 1952. The difference in the SCD's used by the Natick Center and AFFCI results from the Natick Center having credited Mr. Szczeblowski with the number of actual hours he served as a temporary Christmas employee as opposed to the number of days of service credited by AFFCI.
 
 
 4
 The Federal Personnel Manual (FPM) provisions governing computation of service credit for service as a temporary Christmas employee state:
 
 
 5
 Temporary Christmas postal employees. Full credit is given for service as a temporary Christmas employee, ... from appointment date to date of separation when the record shows the dates. Should there be available only a payroll record showing number of hours worked, the service is computed as for intermittent service, with eight hours constituting a day's service, the total not to exceed the calendar time of the payroll period or periods involved.
 
 
 6
 The Board found that there was no evidence to establish Mr. Szczeblowski's appointment and separation dates when he was a temporary Christmas employee and that the available records were in the form of payroll records showing the number of hours worked. The Board concluded that because the exact circumstances enunciated in the applicable FPM exist here, the Natick Center's computation of Mr. Szczeblowski's SCD based on total hours worked as a temporary Christmas employee was correct.
 
 
 7
 Regarding computation of Mr. Szczeblowski's SCD in 1960 by AFFCI, the Board found that AFFCI's determination was for the purpose of determining leave accrual rate and reduction in force and was not applicable to a retirement determination.
 
 
 8
 This court reviews Board decisions under a very narrow standard, affirming them unless they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without procedures required by law, rule, or regulation having been followed, or (3) unsupported by substantial evidence. 5 USC Sec. 7703(c) (1988). Finding no such grounds present here, we affirm the decision below.